CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
August 14, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA D. PAYNE, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24-cv-00761 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WEXFORD MEDICAL, ) | By:  Hon. Thomas T. Cullen |
| ) |      United States District Judge |
| Defendant. ) | |

Plaintiff Joshua D. Payne, proceeding *pro se,* filed this civil-rights action under 42 U.S.C. § 1983 against Defendant Wexford Medical. (*See* Compl. [ECF No. 1].) This matter is now before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's claims will be dismissed for failure to state a claim for which relief may be granted, and his motion to combine all pending cases for mediation conference (ECF No. 7) will be denied as moot.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's claims stem from allegations that, while he was incarcerated at the Southwest Virginia Regional Jail Authority Duffield, Virginia facility, he was denied acceptance into a drug-treatment program. (Compl. 2.) Plaintiff alleges he was denied acceptance into the program because he is "a drug addict" and failed a drug screen at intake but that others were allowed to participate in the program "under different rules" and that there is "no set standard" for admission into the program. (*Id.*) Plaintiff further claims he was lied to about the criteria for acceptance: namely, that he was told he needed a "prescription" from within the past 30 days and was not let into the program despite having a prescription from within the past year, when some in the program had no prescription at all. (*Id.*) Plaintiff asks the court to order his

acceptance into the treatment program and order that a standard applicable to all inmates be implemented, with publicly available rules. (*Id.* at 3.)

## II. STANDARD OF REVIEW

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion of thereof, that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267 (4th Cir. 2024) (citations omitted). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor, and then asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court liberally construes the allegations in his favor and will not dismiss his claims unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 126–27 (4th Cir. 2023). Similarly, when an action implicates civil-rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Id.*

### III.  ANALYSIS

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)).

Plaintiff's complaint does not clearly state which constitutional violation he claims to have experienced. Plaintiff's claims are for (1) "[b]eing denied acceptance" into the drug treatment program and (2) "[b]eing lied to about the criteria" for acceptance into the program. (Compl. 2.) Liberally construing Plaintiff's complaint, the court reviews his claim as one for either for violation of his right to equal protection or for deliberate indifference to his medical needs. (*See* Compl. 2.) But here, even construing the complaint in Plaintiff's favor, he has failed to allege facts showing a constitutional violation occurred, and the court must therefore dismiss his claims.

Plaintiff does not allege who denied him acceptance or who lied to him about the criteria. (*See* Compl. 2 (referring only occasionally to "they" without specifying who "they" are).) But liability under § 1983 is "personal, based upon each defendant's own constitutional violations. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires concise factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation

of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by the defendant) (cleaned up). Although Plaintiff has named Wexford Medical as a defendant, he has not identified what Wexford or any person acting on Wexford's behalf did to violate his rights and has therefore failed to state a claim against it.

Even if the court were to assume that Wexford or its employees were the target of all of Plaintiff's allegations, Plaintiff has not sufficiently alleged that his constitutional rights were violated. To state a § 1983 claim based on an equal-protection violation, a plaintiff must show "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *see Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 607 (4th Cir. 2020), *as amended* (Aug. 28, 2020) ("[S]tate action is unconstitutional when it creates arbitrary or irrational distinctions between classes of people out of a bare desire to harm a politically unpopular group.") (citations omitted).

Plaintiff alleges that he was denied acceptance into the drug-treatment program "because [he is] a drug addict" and that others were allowed to participate "under different rules." (Compl. 2.) But the court cannot reasonably infer from the complaint that Plaintiff was treated different from similarly situated applicants because he was a drug addict, as it would appear that all the participants in the jail's drug-treatment program also struggled with drug addiction. Moreover, Plaintiff has not alleged that any inmates who, like Plaintiff, failed a drug screen at intake were let into the program. (*See id.*) And even to the extent Plaintiff alleges that he was denied admittance in part because he did not have a prescription within 30 days while inmates who "didn't even have [a] prescription" were allowed into the program, Plaintiff has not offered enough information to show whether these inmates were similarly situated to

Plaintiff—*e.g.*, whether they also failed a drug screen at intake, whether they were pretrial detainees or convicted prisoners, whether they were incarcerated for similar crimes, or whether they had previously participated in a treatment program while incarcerated. Based only on the sparse allegations in his complaint, Plaintiff has not alleged that he was intentionally treated differently from similarly situated applicants because of his status as a drug addict. For this reason, too, Plaintiff has not stated a plausible equal-protection claim against Wexford.

Plaintiff has also failed to allege facts showing deliberate indifference to his medical needs. The elements of a § 1983 claim based on deliberate indifference to medical needs differ depending on whether the plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged violation. Claims for deliberate indifference brought by a pretrial detainee arise under the Fourteenth Amendment, which protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that [are] excessive in relation to that purpose." *Jenkins v. Woodard*, 109 F.4th 242, 250 n.3 (4th Cir. 2024) (quoting *Short v. Hartman*, 87 F.4th 593, 599). Such claims require showing that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 2631 (2024). And when the defendant is a corporate entity rather than an individual, that defendant can only be liable under § 1983 if "an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003) (citing *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727–28 (4th Cir. 1999)).

When the plaintiff is a convicted prisoner, a deliberate-indifference claim arises under the Eighth Amendment's protection against cruel and unusual punishment. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). To state an Eighth Amendment claim for deliberate indifference to a serious medical need, a prisoner must allege facts sufficient to show that (1) the deprivation was sufficiently serious and (2) the prison officials acted with a sufficiently culpable state of mind toward the prisoner's medical needs. *Pfaller v. Amonette*, 55 F.4th 436, 445 (4th Cir. 2022) (citations omitted). To satisfy the second prong, the plaintiff must allege that the official (a) had "actual knowledge of the risk of harm to the inmate" and (b) "recognized that his actions were insufficient to mitigate the risk of harm to the inmate arising from his medical needs." *Id.* (citations omitted).

Here, Plaintiff does not allege whether he was a pretrial detainee or a convicted prisoner at the time he was denied acceptance to the drug-treatment program. (*See* Compl. 1–3.) But his allegations do not state a plausible claim under either standard. Plaintiff has not alleged that any party intentionally, knowingly, or recklessly failed to act to mitigate any risk to Plaintiff's health or medical needs. Therefore, even to the extent Plaintiff's drug addiction qualifies as a serious medical need, he has not alleged any act or omission by any potentially culpable party that would satisfy the second prongs of either a Fourteenth Amendment or Eighth Amendment deliberate-indifference claim. Accordingly, Plaintiff has also failed to state any claims for relief based on deliberate indifference to his medical needs.

### IV. CONCLUSION

Because Plaintiff has not any alleged facts showing he would be entitled to any relief against Wexford under § 1983, the court will dismiss his claims under 28 U.S.C. § 1915A. The dismissal will be without prejudice to Plaintiff's filing another complaint that does comply with

§ 1915A and the Federal Rules of Civil Procedure based on the same underlying events. The court will also deny Plaintiff's motion to combine all pending cases for a mediation conference as moot.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 14th day of August, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE